UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

MICHAEL BUFFER, an
individual; and, READY
RUMBLE, LLC, a California
limited liability
corporation,

       Plaintiffs,

vs.

GRM COMMUNICATIONS,
INC., a Texas Corporation,
doing business as RADIO
STATION XHNZ and doing
business as LA ZETA RADIO
DE NETA; GRUPO RADIO
CENTRO, S.A.B. de C.V.,
a Mexican Corporation doing
business as RADIO STATION
XHNZ and doing business as
LA ZETA RADIO DE NETA
and doing business as GRUPO
RADIO CENTRO and doing
business as GRUPO RADIO
CENTRO MEXICO and doing
business as ORGANIZATION
RADIOCENTRO; and
DOES 1-10,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

EP-10-CV-364-DB

Cause No. EP-09-CV-00421-DB

DEMAND FOR JURY TRIAL

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiffs allege as follows:

[GENERAL ALLEGATIONS]

1.    This action is brought under the U.S. Copyright Act, *inter alia*, 17

U.S.C. §§101, 102, 502, 504, *et seq.*, the Trademark Laws of the United States, *inter*

*alia*, 15 U.S.C. §§1051, 1114, 1115, 1125(a), *et seq.*, Ch. 16 of the Texas Business

1           *First Amended Complaint*

4355130.1
58456.1

and Commerce Code, the general common law, and the laws of the State of Texas, which claims are substantial and related to the claims arising under Federal law. Moreover, the matter in controversy involves a Federal Question. Accordingly, this Court has original jurisdiction under United States Code, Title 28, Section 1338, Federal Question jurisdiction under United States Code, Title 28, Section 1331, and supplemental jurisdiction over the common law and state law claims. Venue is proper in this judicial district pursuant to United States Code, Title 28, Section 1391(a)(1) and (2).

2.     At all times herein concerned, Plaintiff MICHAEL BUFFER was and is an individual, and citizen and resident of the State of California.

3.     At all times herein concerned, Plaintiff READY TO RUMBLE, LLC was and is a limited liability corporation duly organized and existing under and by virtue of the laws of the California, with its principal place of business in Los Angeles.

4.     Defendant GRM COMMUNICATIONS, INC., doing business as RADIO STATION XHNZ and doing business as LA ZETA RADIO DE NETA, is a Texas Corporation  and may be served through Mark Hedrick, registered agent for service of process, located at 221 North Kansas, Suite 1700, El Paso, Texas 79901.

5.     Defendant GRUPO RADIO CENTRO, S.A.B. de C.V., doing business as RADIO STATION XHNZ and doing business as LA ZETA RADIO DE NETA

*First Amended Complaint*

4355130.1
58456.1

and doing business as GRUPO RADIO CENTRO and doing business as GRUPO RADIO CENTRO MEXICO and doing business as ORGANIZATION RADIOCENTRO, is a corporation organized under the laws of the Republic of Mexico, and can be served in Mexico at Constituyentes 1154, 7 Piso, Col. Lomas Altas, Mexico City, Mexico 11950, through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters.

6.    The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names.

7.    Plaintiffs are informed and believe and therefore allege that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and legally caused injury and damages proximately thereby to Plaintiffs as herein alleged. (The foregoing named Defendants and DOES, together, "Defendants" or "GRM Defendants).

8.    Plaintiffs are informed and believe and upon such information and belief allege that at all relevant times herein concerned, Defendants, and each of them, were the agents and employees of each of the remaining Defendants, and were at all times acting within the purpose and scope of said agency and employment, and each Defendant has ratified and approved the acts of the other.

*First Amended Complaint*

4355130.1
58456.1

## FIRST CLAIM

*(Copyright Infringement By Michael
Buffer Against All Defendants)*

9.    Plaintiff Michael Buffer repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 11, above.

10.    At all times relevant hereto, Plaintiff Michael Buffer has been and is the holder of exclusive rights under the U.S. Copyright Act of 1976 (17 U.S.C. §§101, *et. seq.*, and all amendments thereto) (the "Copyright Act") to reproduce, distribute, publicly perform or broadcast, throughout the United States, Plaintiff Michael Buffer's recorded rendition of lyrics containing the phrase "LET'S GET READY TO RUMBLE" in a snippet from a music recording ("the Copyrighted Work").

11.    The Copyrighted Work contains an original creative expression, and is copyrightable under the Copyright Act. On March 9, 1998, Plaintiff Michael Buffer submitted an application U.S. Copyright Office, with appropriate fees and deposit copies of a compact disk entitled "THE JOCK JAM," for registration of the snippet of the sound recording of the lyrics embodying, *inter alia*, "LET'S GET READY TO RUMBLE" comprising the Copyrighted Work. A (revised) copyright registration issued on January 7, 2002, and was retroactively effective as of March 9, 1998. A copy of said registration is attached hereto as Exhibit "A" and incorporated herein by

4                        *First Amended Complaint*

4355130.1
58456.1

this reference.   The aforementioned registration satisfies applicable recordation, registration formalities and notice requirements under the Copyright Act.

12.   Plaintiff Buffer is informed and believes and thereon alleges that, beginning no later than on or about February 19, 2009, and continuing until at least March 20, 2009, Defendants, by and through Radio Station XHNZ, a Spanish-language radio station, infringed Plaintiff Michael Buffer's exclusive rights in and to the Copyrighted Work by reproducing, distributing, publicly performing and broadcasting it in on at least *Forty-Three (43)* different occasions.

13.   Neither Plaintiff Michael Buffer, nor anyone authorized to act on his behalf, ever has authorized Defendants, by license or otherwise, to reproduce, distribute, publicly perform or broadcast the Copyrighted Work in any manner or media.

14.   Each infringing reproduction, distribution, public performance and broadcast, as well as the threat of continuing the same, constitutes a separate claim against Defendants under the Copyright Act.  Plaintiff Michael Buffer has sustained, and will continue to sustain, substantial damage to the value of the Copyrighted Work in that the previously described activities of Defendants have diminished and will continue to diminish the revenues which Plaintiff Michael Buffer would otherwise receive.  In addition, Defendants have realized unlawful and unjust profits from their

*First Amended Complaint*

4355130.1
58456.1

unauthorized reproduction, distribution, public performance and broadcast of the Copyrighted Work.

15.   Defendants have continued to infringe said copyrights, and unless temporarily, preliminarily and permanently enjoined by Order of this Court, will continue to infringe said copyrights, all to Plaintiff Michael Buffer's irreparable injury.   As a result of Defendants' acts of infringement, Plaintiff is without an adequate remedy at law in that damages are difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiff Michael Buffer will be required to pursue a multiplicity of actions.

16.   Defendants have committed at least some of the aforesaid acts of infringement deliberately, willfully, maliciously and oppressively, without regard to Plaintiffs' proprietary rights.

## SECOND CLAIM

*(Servicemark Infringement By Plaintiff*
*Ready to Rumble, LLC Against All Defendants)*

17.   Plaintiff Ready to Rumble, LLC repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 19, above.

18.   Since prior to the acts complained of herein, an entity named Plaintiff Ready to Rumble, Inc. (then wholly-owned by Michael Buffer) and, successively, Plaintiff Michael Buffer and Ready to Rumble, LLC have been the owners of the

6                              *First Amended Complaint*

4355130.1
58456.1

"LET'S GET READY TO RUMBLE"® servicemarks and related rights in the United States of America. READY TO RUMBLE, INC. registered the LET'S GET READY TO RUMBLE service mark on the principal register in the United States Patent and Trademark Office on November 21, 2000 in Class 35 and Class 41 (No. 2,405,492).

19. A copy of said registration is attached hereto, marked as Exhibit "B," and incorporated herein by reference.

20. On December 29, 2006, the U.S. Patent and Trademark Office issued a Notice of Acceptance as to the foregoing registration, thereby making it officially "incontestable." A copy of said Notice of Acceptance is attached hereto, marked as Exhibit "C," and incorporated herein by reference.

21. Pursuant to its exclusive servicemarks, Plaintiff Ready to Rumble, LLC caused Plaintiff Michael Buffer to be recorded, produced, manufactured, distributed or broadcast, in audio or video format Buffer's utterance of "LET'S GET READY TO RUMBLE"® ("the servicemarked phrase") in his distinctive voice, manner, cadence and style of delivery, among other uses, which recording is also referred to, *supra*, as the Copyrighted Work.

22. Plaintiff Ready to Rumble, LLC is informed and believes and thereon alleges that, beginning no later than on or about February 19, 2009, and continuing until at least March 20, 2009, Defendants commenced to use and used the servicemarked phrase, *inter alia*, as contained in the Copyrighted Work, and publicly

7                    *First Amended Complaint*

performed, broadcast and disseminated the Copyrighted Work containing the servicemarked phrase on Forty-Three (43) occasions.

23.   The aforesaid use of Plaintiff Ready to Rumble, LLC's servicemarks, including the servicemarked phrase, was and is unauthorized by Plaintiffs, violates Plaintiff Ready to Rumble, LLC's exclusive servicemark rights and constitutes a separate infringement as to each use.

24.   The said acts of Defendants have likely caused confusion, deception or mistake as to the source of ownership and origin of the "LET'S GET READY TO RUMBLE"® servicemarks in that they were and are likely to cause the public mistakenly to believe that Defendants were sponsored by, connected with, or in some way interrelated with Plaintiffs Ready to Rumble, LLC or Michael Buffer.

25.   Plaintiff Ready to Rumble, LLC is informed and believes, and upon such information and belief alleges, that at least a portion of the aforesaid infringing acts by Defendants were intentional and were committed in willful and deliberate disregard of Plaintiff Ready to Rumble, LLC's rights.  Plaintiff Michael Buffer is a well-known professional boxing, wrestling, sports and entertainment announcer and international celebrity who has become so identified with the servicemark "LET'S GET READY TO RUMBLE"® that he has attained worldwide recognition and acknowledgment as the source of this famous mark.

8                            *First Amended Complaint*

4355130.1
58456.1

26.     By reason of the acts of Defendants described above, Plaintiff Ready to Rumble, LLC has suffered great detriment and injury to its business, goodwill and profits. The exact amount of said damage is presently unascertained.

27.     In the event Defendants continue or resume the infringing activities set forth herein, such conduct would cause Plaintiff Ready to Rumble, LLC irreparable damage in that it would be extremely difficult to ascertain the amount of compensation which would afford Plaintiff Ready to Rumble, LLC adequate relief therefore, and, unless this Court grants a permanent injunction, Plaintiff Ready to Rumble, LLC would be compelled to prosecute a multiplicity of actions for damages, one each time Defendants used or reproduced Plaintiff Ready to Rumble, LLC's servicemark. Plaintiff Ready to Rumble, LLC has no adequate remedy at law.

## THIRD CLAIM

*(Commercial Misappropriation By Plaintiff
Ready to Rumble, LLC Against All Defendants)*

28.     Plaintiff Ready to Rumble, LLC repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 30, above.

29.     As alleged, at least between February 19, 2009 and March 20, 2009, Defendants regularly used and broadcast Plaintiff Ready to Rumble, LLC's servicemarked phrase (as contained in the Copyrighted Work) on at least Forty-Three (43) occasions. Plaintiff Michael Buffer's voice, style of delivery and cadence are

9                          *First Amended Complaint*

4355130.1
58456.1

unique and distinctive, and the public has identified said Plaintiff as the exclusive source thereof. Both in combination and separate and apart from Plaintiff Michael Buffer's voice, style of delivery and cadence, "LET'S GET READY TO RUMBLE"® also is unique and distinctive and the public has identified said servicemark with Michael Buffer (and his company Ready to Rumble, LLC) in his capacity as a boxing, wrestling, sports and entertainment announcer and celebrity known throughout the world.

30.   Defendants knowingly exploited the aforesaid servicemarks by publicly performing and broadcasting the Copyrighted Work containing Plaintiff Michael Buffer's voice, style of delivery or cadence, including the servicemarked phrase, for the promotion of their own commercial profit and gain. [15 U.S.C. §§1125(a)and Ch. 16 of the Tex. Bus. & Comm. Code].

31.   Defendants are trading on the goodwill and fame of Plaintiff Michael Buffer (and his company Plaintiff Ready to Rumble, LLC), and the appeal and excitement generated by his well-known vocal performance as embodied in the servicemarked phrase.

32.   Said unauthorized uses by Defendants were undertaken without notification to Plaintiffs or their consent, and continued after Plaintiffs' demand that Defendants cease and desist from same.

## FOURTH CLAIM

10                                        *First Amended Complaint*

4355130.1
58456.1

*(False Designation Against All Defendants By
Ready to Rumble, LLC Against All Defendants)*

33.    Plaintiff Ready to Rumble, LLC repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 35, above.

34.    Defendants' use and exploitation of the "LET'S GET READY TO RUMBLE"® servicemarks constituted and constitute "passing off," to wit, willful and deliberate false designations of origin and false representations which were and are likely to cause confusion, mistake or deception by inducing the impression among customers, potential customers and the public in general to believe that Defendants were and in some manner approved, licensed, sponsored, affiliated or associated with Plaintiff Ready to Rumble, LLC (as well as Plaintiff Michael Buffer).

35.    Defendants' said acts violate, *inter alia*, 15 U.S.C. §1125(a) and Ch. 16 of the Tex. Bus. & Comm. Code.

36.    Plaintiff Ready to Rumble, LLC has been irreparably damaged by Defendants' conduct and may suffer additional irreparable damage unless this Court grants the remedies prayed for herein. Plaintiffs have no adequate remedy at law.

## FIFTH CLAIM

*(Dilution Against All Defendants)*

37.    Plaintiffs repeat, reallege and incorporate herein by reference the allegations of paragraphs 1 through 39, above.

11                              *First Amended Complaint*

4355130.1
58456.1

38.   The "LET'S GET READY TO RUMBLE"® servicemarks and Plaintiffs' rendition thereof have a distinctive and valuable quality protected by the Federal Trademark Dilution Act of 1995 [15 U.S.C. 1125(c)] and Ch. 16 of the Tex. Bus. & Comm. Code.

39.   The servicemarks used by Defendants were and are identical to that of Plaintiffs and has been broadcast and distributed in the media without authorization and without proper attribution to Plaintiffs.  Said use threatens to cheapen and debase Plaintiffs' mark and the absence of proper attribution threatens to lead the public to believe there is no protection.

40.   Defendants' unauthorized appropriation as alleged above constituted and constitutes a likely and, in fact, manifest dilution of Plaintiffs' rights in and to their servicemarks and trademarks.  Defendants' misappropriation diminishes or destroys the exclusive association between Plaintiffs and their service marks, thereby depriving Plaintiffs of the benefits they sought and achieved from such exclusive association developed through great diligence and cost.  All of the foregoing acts of Defendants constitute a violation of the Federal Trademark Dilution Act of 1995 [15 U.S.C. 1125(c)] and Ch. 16 of the Texas Business and Commerce Code, and may continue to injure Plaintiffs unless this Court grants the relief requested herein.

## SIXTH CLAIM

*(Unfair Competition Against All Defendants)*

12                    *First Amended Complaint*

4355130.1
58456.1

41.   Plaintiffs repeat, reallege and incorporate herein by reference the allegations of paragraphs 1 through 43, above.

42.   Defendants' unauthorized use of Plaintiff Michael Buffer's voice, style of delivery or cadence, and the servicemarked phrase itself, constitute common law unfair competition under the common law of the State of Texas.

43.   By reason of the foregoing, Defendants have caused irreparable harm, injury, and damage to Plaintiffs and may continue to do so unless this Court grants the relief requested herein.

## SEVENTH CLAIM

*(Misappropriation Of Voice And Likeness
By Michael Buffer Against All Defendants)*

44.   Plaintiff Michael Buffer repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 46, above.

45.   Plaintiff Michael Buffer is informed and believes, and thereon alleges, that the aforesaid conduct of Defendants constitutes unauthorized misappropriation for commercial purposes of Plaintiff Michael Buffer's voice or likeness, in violation of Ch. 16 of the Texas Business and Commerce Code and applicable Texas common law.

46.   By reason of the aforesaid conduct of Defendants, Plaintiff Michael Buffer has been damaged in an amount which damage is presently unascertained.

13                              *First Amended Complaint*

4355130.1
58456.1

47.   As direct and proximate result of the aforementioned conduct by Defendants, they have earned profits attributable to the broadcast of the Copyrighted Work containing Plaintiff Michael Buffer's voice, image and persona, in an amount which has yet to be ascertained.  Plaintiff Michael Buffer is entitled to recover all profits earned by Defendants as a result of Defendants' unauthorized use of his voice, image or likeness for commercial purposes.

48.   As direct and proximate result of the aforementioned conduct by Defendants, Plaintiff Michael Buffer has incurred and will continue to incur substantial attorney's fees and costs, for which he is entitled to an award under Chapter 16 of the Texas Business and Commerce Code.

49.   Plaintiff Michael Buffer is informed and believes and thereon alleges that at least a portion of the aforementioned acts of Defendants were done intentionally or with conscious disregard of Plaintiff Michael Buffer's rights, and with the intent to vex, injure or annoy him such as to constitute oppression, fraud or malice, thus entitling him to exemplary and punitive damages in an amount appropriate to punish or set an example of Defendants and to deter such conduct in the future, which amount will be proved at trial.

*WHEREFORE, Plaintiffs request judgment as follows:*

14                                                  *First Amended Complaint*

1.   That Defendants and their officers, agents, affiliates, employees, and all persons in active consent or participation with them and each of them, be enjoined and restrained during the pendency of this action and thereafter permanently:

(a)   From reproducing, distributing, publicly performing, broadcasting, airing in the media, or otherwise using in any way the servicemark "LET'S GET READY TO RUMBLE"® or the Copyrighted Work, in any broadcast, public performance, promotion, advertising, distribution, or other use;

(b)   From using in any way the words "LET'S GET READY TO RUMBLE"® or any mark, designation or phrase so similar to Plaintiffs' aforesaid servicemarks or Copyrighted Work as to be likely to cause confusion, cause mistake, or deceive the public;

(c)   From further diluting Plaintiffs' goodwill by infringing Plaintiffs' said servicemarks or Copyrighted Work; and

(d)   From otherwise competing unfairly with Plaintiffs in any manner.

2.   That Defendants account for and pay over to Plaintiffs all damages sustained by Plaintiffs and profits realized by Defendants by reason of their unlawful acts, and that the amount of profits realized by Defendants be increased to a sum not exceeding three times the amount thereof as provided by law.

15                          *First Amended Complaint*

4355130.1
58456.1

3.   That Defendants be required to pay to Plaintiffs such damages as Plaintiffs have sustained in consequence of Defendants' servicemarks infringement and unfair trade practices and competition and to account for:

(a)   All gains, profits and advantages derived by Defendants by said trade practices and unfair competition; and

(b)   All gains, profits and advantages derived by Defendants by infringement or such damages as to the Court shall appear proper within the provisions of all applicable statutes.

4.   That, with respect to the First Claim, Defendants be required to account for and pay over to Plaintiffs the actual damages suffered by Plaintiffs as a result of the infringement and any profits of the Defendants attributable to the infringement of Plaintiffs' copyright or exclusive rights under copyright and to pay such damages to Plaintiffs as to this Court shall appear just and proper within the provisions of the Copyright Act, or, in the alternative, at Plaintiffs' election, statutory damages for each infringement of copyright, as provided for at 17 U.S.C. §504, up to and including damages for willful infringement of $150,000;

5.   That Defendants be required to deliver up to be impounded during the pendency of this action all copies of the Copyrighted Work in Defendants' possession or control.

16                                   *First Amended Complaint*

4355130.1
58456.1

6.     That Plaintiffs be awarded reasonable costs and attorney fees pursuant to statute and as otherwise allowed by law.

7.     That Plaintiffs be awarded compensatory and exemplary damages according to proof.

8.     That Plaintiffs be awarded such other and further relief as the Court may deem appropriate.

Plaintiffs hereby demand a jury trial as provided by Fed. R.Civ. Proc. Rule 38(a).


DATED: April 12, 2010.

17                          *First Amended Complaint*

4355130.1
58456.1

Respectfully submitted,


BROWN McCARROLL, L.L.P.
221 North Kansas Street, Suite 2000
El Paso, TX  79901
915-545-4716
915-532-5139  Telecopier


By: _____
Mark C. Walker
State Bar No. 20717320
E-mail: mwalker@mailbmc.com
David M. Mirazo
State Bar No. 24044610
E-mail: dmirazo@mailbmc.com

ATTORNEYS FOR PLAINTIFFS
MICHAEL BUFFER, and
READY TO RUMBLE, LLC

18                          *First Amended Complaint*

4355130.1
58456.1